IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO PAZ, ARMANDO BERMUDEZ, ANDRES S. IRIZARRY, AND JESSE SOTO, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHEFS' WAREHOUSE MIDWEST, LLC, a/k/a THE CHEFS' WAREHOUSE MID-WEST LLC, AND MICHAEL STANLEY, INDIVIDUALLY <br><br> Defendants. | No. 1:21-cv- <br><br> **Hon.** <br> **District Court Judge** <br><br> Hon. <br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **FERNANDO PAZ, ARMANDO BERMUDEZ, ANDRES S. IRIZARRY, AND JESSE SOTO** ( each a "Plaintiff", collectively the "Plaintiffs"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **THE CHEFS' WAREHOUSE MIDWEST, LLC, a/k/a THE CHEFS' WAREHOUSE MID-WEST LLC, AND MICHAEL STANLEY, INDIVIDUALLY** (each a "Defendant", collectively the "Defendants", or "CW"), state as follows:

**I.  NATURE OF ACTION**

1.  This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST, LLC, (CW),** owns and operates a wholesale food and beverage supply business located at 2801 S. Western Avenue in Chicago, Illinois. CW sells a variety of produce, meat, seafood and dairy products, baked and dry goods and non-alcoholic beverages to restaurants. CW sells perishable food products which, prior to arriving at their distribution facility described above, moved in interstate commerce.

4. CW is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

5. During all relevant times, CW was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendant, **MICHAEL STANLEY,** is the Regional Manager of The Chefs' Warehouse Midwest, LLC. In his capacity as manager of CW, Stanley was vested with the

authority to implement and carry out the wage and hour practices of CW.

7. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Stanley and Stanley in turn responded to those communications subject to his authority described above.

8. Thus, at all times relevant hereto Stanley was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

9. Plaintiff, **FERNANDO PAZ**, is a former employee of Defendants who, between approximately December 2017 and March 2020, was employed by Defendants as a delivery driver.

10. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

11. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

12. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

13. Plaintiff, **ARMANDO BERMUDEZ**, is a former employee of Defendants who, between approximately August 2016 and August 2020, was employed by Defendants as a delivery driver.

14. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

15. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

16. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

17. Plaintiff, **ANDRES S. IRIZARRY,** is a former employee of Defendants who, between approximately October 2018 and July 20201, was employed by Defendants as a delivery driver.

18. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

19. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

20. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

21. Plaintiff, **JESSE SOTO,** is a former employee of Defendants who, between approximately July 2018 and March 2020, was employed by Defendants as a delivery driver.

22. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

23. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

24. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

25. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as delivery drivers and were misclassified as salary-exempt employees and as a result, improperly denied overtime for hours worked in excess of 40 in individual work weeks, as described above.

26. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV.** **<u>STATUTORY VIOLATIONS</u>**

**Fair Labor Standards Act**

27. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the

FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

28. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

29. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

30. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

31. Plaintiffs, on a regular basis within their dates of employment referenced herein, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal, state and local statutes relied upon herein.

32. While employed by CW, Plaintiffs spent many of their working hours working for Defendants' benefit while within the City of Chicago.

33. Defendants' primary facility and many of the delivery routes and sites to which Plaintiffs were assigned were located within the City of Chicago.

34. Each month, Plaintiffs worked at locations that were physically located within the City of Chicago.

35. On a regular basis, Plaintiffs worked at least two hours while physically present in the City of Chicago during two-week periods and were at all times "Covered Employees" as defined by the CMWO.

36. Defendants, as a corporation and individual employing "Covered Employees" as set forth above, were each an "Employer" as defined by the CMWO.

37. Additionally, because Defendants were operating and engaging in business within the City of Chicago, including delivery of produce, beverages and other perishable food products, they were subject to the license requirements set forth by the Municipal Code of Chicago.

38. Upon information and belief, CW was subject to City of Chicago licensing requirements and thus possessed the appropriate license to operate and perform wholesale and delivery of food and beverage products within the City of Chicago.

39. Plaintiffs were covered employees working for covered employers under the CMWO.

40. While Plaintiffs were employed with Defendants, Michel Stanley would assign routes and manage day-to-day operations of CW, including CW's wage and hour policies.

41. Plaintiffs understood that all employment-related inquiries, including questions about CW's wage and hour policies, were to be directed to Stanley.

42. Upon information and belief, Stanley implemented and carried out all wage and hour policies for CW and all its workers, including the illegal pay practices alleged herein.

43. Plaintiffs were employed by CW as delivery drivers. Plaintiffs performed a variety of necessary duties and manual labor tasks in support of CW's food and beverage supplying business.

44. Plaintiffs' primary duties were to deliver food and beverage products to customers. The vehicles used by Plaintiffs were owned by CW.

45. Plaintiffs did not load products into the trailers prior to delivery. Plaintiffs' delivery vehicles were pre-loaded by other employees of Defendants, known as "pickers".

46. Plaintiffs unloaded delivered products from the delivery vehicle at the intended customer destination. Plaintiffs performed these manual labor tasks for Defendants' clients for Defendants' benefit.

47. Plaintiffs mostly worked six (6) days per week, Monday through Saturday. The start times of Plaintiffs' shifts began any time between 3:00 a.m. and 9:00 a.m. Plaintiffs' shifts ended when they completed all deliveries assigned each shift. At times, Plaintiffs' individual shifts were as many as 12 hours.

48. Plaintiffs recorded their working time consistent with Defendants' policies. At varying times, Defendants' time keeping policies required that Plaintiffs record their working time by finger scan technology, handwritten entries on daily manifests, or a combination thereof.

49. Plaintiffs were paid by salary. Plaintiffs received a weekly salary between approximately $900 and $1,100. The salaries paid to Plaintiffs by Defendants were intended to compensate the Plaintiffs for 48 hours of work per week.

50. During most, if not all, workweeks during Plaintiffs' employments, Plaintiffs worked in excess of the regular 48-hour schedule for which their salaries compensated them.

51. Plaintiffs frequently worked 50 hours or more per week, sometimes as many as 60 hours or more each week.

52. Plaintiffs did not receive any additional compensation, including regular or overtime pay, over and above their static salaries, which only compensated them for the first 48 hours worked each week.

53. Over the course of certain periods of time during each of the Plaintiffs' employments, they delivered CW's products exclusively within the state of Illinois such that all their deliveries in said periods were intrastate in nature.

54. Plaintiffs were not exempt from the overtime provisions of the FLSA, IMWL or CMWO such that they should have been compensated on an hourly basis and received additional compensation, including overtime premiums, for hours worked in excess of 40 each week.

55. Throughout the course of their employments, Plaintiffs, and those similarly situated, were denied overtime premiums by CW in violation of federal, state and local law.

56. Upon information and belief, Plaintiffs understood that all delivery drivers were paid by salary intended to compensate them for 48 hours of work each week, as described above, and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

57. Plaintiffs worked in excess for forty (40) hours in many, if not all, workweeks during their employments without pay at a rate of time and one half their regular hourly rates of pay for such hours.

58. Plaintiffs were denied time and one half their regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal, state and local statutes relied upon herein.

59. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of working hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

60. The claims brought herein by the named Plaintiffs are based on non-compliant practices and policies implemented by Defendants and are identical or similar to the claims of other past and present delivery drivers who were subject to the same non-compliant policies and practices alleged herein. Those past and present delivery drivers are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-60. Paragraphs 1 through 60 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 60 of this Count I.

61. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiffs are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rates of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

62. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiffs, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-62. Paragraphs 1 through 62 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 62 of Count II.

63. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions

relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

64. Pursuant to the Fair Labor Standards Act, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-64. Paragraphs 1 through 64 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 64 of Count III.

65. In denying Plaintiffs' compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

66. Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-66. Paragraphs 1 through 66 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 66 of this Count IV.

67. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

68. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

69. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs; reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-69. Paragraphs 1 through 69 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 69 of this Count V.

70. Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

71. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

72. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

73. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 12/21/2021*

s/John W. Billhorn

John William Billhorn
Samuel D. Engelson

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiffs and those similarly situated, known and unknown