**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FERNANDO PAZ, ARMANDO BERMUDEZ, ANDRES S. IRIZARRY, AND JESSE SOTO, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) ) | No. 1:21-cv-06786 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Hon. District Court Judge Sharon Johnson Coleman** |
| THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, AND MICHAEL STANLEY, INDIVIDUALLY, | ) ) ) ) ) | Hon. Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

## ANSWER AND DEFENSES TO COMPLAINT

Defendants **THE CHEFS' WAREHOUSE MIDWEST, LLC** and **MICHAEL STANLEY**

(collectively the "Defendants"), by their attorneys, state for their Answer and Additional Defenses

to the Complaint filed by Plaintiffs **FERNANDO PAZ, ARMANDO BERMUDEZ, ANDRES S.**

**IRIZARRY, AND JESSE SOTO** ("Plaintiffs") as follows:

## I.      NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq,* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**ANSWER:**      Defendants admit Plaintiffs purport to bring this action under the Fair Labor

Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum

Wage Ordinance ("CMWO") and purport to seek damages under those statutes.  Defendants deny

that Plaintiffs are entitled to any relief whatsoever.  Defendants further deny that the Chicago

Minimum Wage Ordinance is in § 1-24-10 of the Municipal Code of Chicago, as Chapters 1-24 of the Municipal Code of Chicago were repealed. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 1.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act; 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

**ANSWER:**      Defendants admit that this Court has subject matter and personal jurisdiction, and that venue is proper in this Court. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 2.

## III.  THE PARTIES

3.      Defendant, **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST, LLC, (CW),** owns and operates a wholesale food and beverage supply business located at 2801 S. Western Avenue in Chicago, Illinois. CW sells a variety of produce, meat, seafood and dairy products, baked and dry goods and non-alcoholic beverages to restaurants. CW sells perishable food products which, prior to arriving at their distribution facility described above, moved in interstate commerce.

**ANSWER:**      Defendants admit the allegations set forth in Paragraph 3 of the Complaint, but deny that the type of items listed or customers referenced is exhaustive. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 3.

4.      CW is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(l)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(l)(A)(ii).

**ANSWER:**      Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.      During all relevant times, CW was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

**ANSWER:**    Defendants admit that The Chefs' Warehouse Midwest, LLC was an "employer" of

the named Plaintiffs as that term is defined by the FLSA.  Defendants deny that The Chefs'

Warehouse Midwest, LLC was an "employer" as defined by the IMWL, as the definition of

"employer" makes reference to the term "employee," which in turn excludes individuals who work

for Motor Carriers in Section 3(d)(7) of the IMWL, 820 ILCS 105/3(d)(7).  Except as specifically

admitted herein, Defendants deny the remaining allegations in Paragraph 5.

6.    Defendant, **MICHAEL STANLEY**, is the Regional Manager of The Chefs' Warehouse Midwest, LLC.  In his capacity as manager of CW, Stanley was vested with the authority to implement and carry out the wage and hour practices of CW.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.    Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Stanley and Stanley in turn responded to those communications subject to his authority described above.

**ANSWER:**    Defendants deny the allegations in Paragraph 7 of the Complaint.

8.    Thus, at all times relevant hereto Stanley was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

**ANSWER:**    Defendants admit Michael Stanley was acting on behalf of The Chefs' Warehouse

Midwest, LLC during the relevant time period.  Except as specifically admitted herein, Defendants

deny the allegations set forth in Paragraph 8 of the Complaint.

9.    Plaintiff, **FERNANDO PAZ**, is a former employee of Defendants who, between approximately December 2017 and March 2020, was employed by Defendants as a delivery driver.

**ANSWER:**    Defendants admit that Plaintiff Fernando Paz is a former employee of The Chefs'

Warehouse Midwest, LLC, but deny that he was also employed by Michael Stanley.  Defendants

admit that Plaintiff Fernando Paz's employment began in approximately December 2017, but deny

that he last worked in approximately March 2020.  Defendants admit that Plaintiff Fernando Paz

worked as a delivery driver during his employment. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 9.

10. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 10 of the Complaint, except Defendants deny that Michael Stanley had primary responsibility for assigning duties to Plaintiff.

11. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:** Defendants admit that Plaintiff was paid weekly on a salary basis. Defendants deny the remaining allegations in Paragraph 11 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

12. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 12 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 12.

13. Plaintiff, **ARMANDO BERMUDEZ**, is a former employee of Defendants who, between approximately August 2016 and August 2020, was employed by Defendants as a delivery driver.

**ANSWER:** Defendants admit that Plaintiff Armando Bermudez is a former employee of The Chefs' Warehouse Midwest, LLC, but deny that he was also employed by Michael Stanley.

Defendants admit that Armando Bermudez's employment began in approximately August 2016, but deny that he last worked in approximately August 2020. Defendants admit that Plaintiff Armando Bermudez worked as a delivery driver for a period of time during his employment. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 13.

14. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 14 of the Complaint, except Defendants deny that Michael Stanley had primary responsibility for assigning duties to Plaintiff.

15. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:** Defendants admit that Plaintiff was paid weekly on a salary basis. Defendants deny the remaining allegations in Paragraph 15 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

16. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 16 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

17. Plaintiff, **ANDRES S. IRIZARRY** is a former employee of Defendants who, between approximately October 2018 and July 20201 [sic], was employed by Defendants as a delivery driver.

5

**ANSWER:**     Defendants admit that Plaintiff Andres Irizarry is a former employee of The Chefs' Warehouse Midwest, LLC, but deny that he was also employed by Michael Stanley.  Defendants deny that Plaintiff Andres Irizarry's employment began in approximately October 2018 and ended in approximately July 2021.  Defendants admit that Plaintiff Andres Irizarry worked as a delivery driver during his employment.  Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 17.

18.     Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 18 of the Complaint, except Defendants deny that Michael Stanley had primary responsibility for assigning duties to Plaintiff.

19.     Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:**     Defendants admit that Plaintiff was paid weekly on a salary basis.  Defendants deny the remaining allegations in Paragraph 19 of the Complaint.  Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

20.     Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week.  Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.  Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

21. Plaintiff, **JESSE SOTO**, is a former employee of Defendants who, between approximately July 2018 and March 2020, was employed by Defendants as a delivery driver.

**ANSWER:** Defendants admit that Plaintiff Jesse Soto is a former employee of The Chefs' Warehouse Midwest, LLC, but deny that he was also employed by Michael Stanley. Defendants deny that Plaintiff Jesse Soto last worked in approximately March 2020. Defendants admit that Plaintiff Jesse Soto worked as a delivery driver during his employment. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 21.

22. Plaintiff performed driving duties related to delivering food and beverage products to CW's customers and other related duties as assigned by Defendants.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 22 of the Complaint, except Defendants deny that Michael Stanley had primary responsibility for assigning duties to Plaintiff.

23. Plaintiff was paid a salary intended to compensate him for 48 hours per week. However, Plaintiff regularly worked far in excess of 48 hours and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:** Defendants admit that Plaintiff was paid weekly on a salary basis. Defendants deny the remaining allegations in Paragraph 23 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

24. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff was not exempt from the overtime provisions of the FLSA, IMWL or CMWO.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 24 of the Complaint. Further answering, Defendants allege that Plaintiff worked pursuant to a collective bargaining agreement that governed his eligibility, if any, for pay in excess of his weekly salary, and that he was exempt from or otherwise not subject to the overtime requirements of the FLSA, IMWL, and CMWO.

25.     All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as delivery drivers and were misclassified as salary-exempt employees and as a result, improperly denied overtime for hours worked in excess of 40 in individual work weeks, as described above.

**ANSWER:**     Defendants admit that Plaintiffs purport to bring this action as a collective action

under the FLSA and a class action under the Federal Rule of Civil Procedure 23, but Defendants

deny that Plaintiffs and the purported collective/class members were employees within the

meaning of the IMWL or CMWO, deny that Plaintiffs and the purported collective/class members

were "improperly denied" any overtime pay under the FLSA, IMWL, or CMWO, and further deny

that collective and/or class treatment is appropriate. Except as specifically admitted herein,

Defendants deny the remaining allegations in Paragraph 25.

26.     As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER:**     Defendants admit that Plaintiff and the Plaintiff Class were engaged in commerce

as defined by the FLSA.  Except as specifically admitted herein, Defendants deny the remaining

allegations in Paragraph 26.


IV.     **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

27.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**ANSWER:**     Defendants admit that Plaintiffs purport to bring this action as a collective action

under Section 216(b) of the FLSA, but Defendants deny that Plaintiffs are entitled to any relief

8

whatsoever, deny that collective action treatment is proper here, and further deny the remaining

allegations in Paragraph 27.

### Illinois Minimum Wage Law

28.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.,* Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER:**     Defendants admit that Plaintiffs purport to bring this action as a class action

pursuant to Federal Rule of Civil Procedure 23, but Defendants deny that Plaintiffs are entitled to

any relief whatsoever under the IMWL, deny that collective and/or class action treatment is proper

here, and further deny the remaining allegations in Paragraph 28.

### Chicago Minimum Wage Ordinance

29.     Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER:**     Defendants admit that Plaintiffs purport to bring this action as a class action

pursuant to Federal Rule of Civil Procedure 23, but Defendants deny that Plaintiffs are entitled to

any relief whatsoever under the CMWO, deny that the CMWO is in § 1-24-10 of the Municipal

Code of Chicago, deny that collective and/or class action treatment is proper here, and further deny

the remaining allegations in Paragraph 29.

### V.      FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

30.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

**ANSWER:**     Defendants admit that they were employed by The Chefs' Warehouse Midwest, LLC but deny that they were also employed by Michael Stanley.  Defendants also deny that Plaintiffs were "employees" as defined by the IMWL and CMWO.  Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 30.

31.     Plaintiffs, on a regular basis within their dates of employment referenced herein, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal, state and local statutes relied upon herein.

**ANSWER:**     Defendants deny that Plaintiffs were entitled to any overtime pay at a rate of time and one-half for any hours worked in excess of 40 hours in a workweek under the FLSA, IMWL, or CMWO.   Defendants deny the remaining allegations in Paragraph 31.

32.     While employed by CW, Plaintiffs spent many of their working hours working for Defendants' benefit while within the City of Chicago.

**ANSWER:**     Defendants admit that Plaintiffs spent some time working within the City of Chicago. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants' primary facility and many of the delivery routes and sites to which Plaintiffs were assigned were located within the City of Chicago.

**ANSWER:**     Defendants admit that the main warehouse was located within the City of Chicago, and that some of the routes Plaintiffs drove were within the City of Chicago.  Defendants deny that Plaintiffs worked exclusively within the City of Chicago.  Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 33.

34.     Each month, Plaintiffs worked at locations that were physically located within the City of Chicago.

**ANSWER:**     Defendants admit that some of the routes Plaintiffs drove were within the City of Chicago but deny that Plaintiffs worked exclusively within the City of Chicago.  Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 34.

35.     On a regular basis, Plaintiffs worked at least two hours while physically present in the City of Chicago during two-week periods and were at all times "Covered Employees" as defined by the CMWO.

**ANSWER:**     Defendants deny that Plaintiffs were at all times "Covered Employees" as defined

by the CMWO.  Defendants admit that Plaintiffs sometimes worked at least two hours while

physically present in the City of Chicago during two-week periods.  Except as specifically

admitted herein, Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants, as a corporation and individual employing "Covered Employees" as set forth above, were each an "Employer" as defined by the CMWO.

**ANSWER:**     Defendants deny that Michael Stanley was an "Employer" as defined by the

CMWO.  Defendants admit that The Chefs' Warehouse Midwest, LLC employed certain

individuals who were "Covered Employees" but Defendants deny that Plaintiffs and other delivery

drivers were "Covered Employees" under the CMWO.  Except as specifically admitted herein,

Defendants deny the remaining allegations in Paragraph 36.

37.     Additionally, because Defendants were operating and engaging in business within the City of Chicago, including delivery of produce, beverages and other perishable food products, they were subject to the license requirements set forth by the Municipal Code of Chicago.

**ANSWER:**     Defendants admit that The Chefs Warehouse Midwest, LLC was required by the

City of Chicago to have a business license.  Defendants deny that Michael Stanley as an individual

was required to have such a license.  Except as specifically admitted herein, Defendants deny the

remaining allegations in Paragraph 37.

38.     Upon information and belief, CW was subject to City of Chicago licensing requirements and thus possessed the appropriate license to operate and perform wholesale and delivery of food and beverage products within the City of Chicago.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 38 of the Complaint.

39.     Plaintiffs were covered employees working for covered employers under the CMWO.

**ANSWER:**     Defendants deny that Plaintiffs were "Covered Employees" as defined by the

CMWO.  Defendants further deny that Michael Stanley was an employer.  Defendants admit that

The Chefs' Warehouse Midwest, LLC was an "Employer" to the extent it employed certain

individuals who were "Covered Employees" under the CMWO, which did not include Plaintiffs or

other delivery drivers.  Except as specifically admitted herein, Defendants deny the remaining

allegations in Paragraph 39.

40.     While Plaintiffs were employed with Defendants, Michel Stanley would assign routes and manage day-to-day operations of CW, including CW's wage and hour policies.

**ANSWER:**     Defendants admit that Plaintiffs were employed by The Chefs' Warehouse

Midwest, LLC, but Defendants deny that they were employed by Michael Stanley or that they

were "employees" or "Covered Employees" as defined by the IMWL and CMWO, respectively.

Defendants admit that Michael Stanley helped manage the day-to-day operations of the warehouse

and that he had some input in the wage and hour policies, but Defendants deny that Michael

Stanley had primary responsibility for assigning routes to the delivery drivers.  Except as

specifically admitted herein, Defendants deny the remaining allegations in Paragraph 40.

41.     Plaintiffs understood that all employment-related inquiries, including questions about CW's wage and hour policies, were to be directed to Stanley.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Upon information and belief, Stanley implemented and carried out all wage and hour policies for CW and all its workers, including the illegal pay practices alleged herein.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Plaintiffs were employed by CW as delivery drivers.  Plaintiffs performed a variety of necessary duties and manual labor tasks in support of CW's food and beverage supplying business.

**ANSWER:**     Defendants admit that Plaintiffs were delivery drivers for at least a portion of their

employment with The Chefs' Warehouse Midwest, LLC.  Defendants deny that Plaintiffs were

"employees" or "Covered Employees" as defined by the IMWL and CMWO, respectively.

Defendants admit that Plaintiffs performed a variety of necessary duties and manual labor tasks in support of CW's food and beverage supplying business. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 43.

44.     Plaintiffs' primary duties were to deliver food and beverage products to customers. The vehicles used by Plaintiffs were owned by CW.

**ANSWER:**     Defendants admit that Plaintiffs' primary duties as delivery drivers were to deliver food and beverage products to customers. Defendants deny that the vehicles used by Plaintiffs for work were owned by The Chefs' Warehouse Midwest, LLC. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 44.

45.     Plaintiffs did not load products into the trailers prior to delivery. Plaintiffs' delivery vehicles were pre-loaded by other employees of Defendants, known as "pickers".

**ANSWER:**     Defendants admit that as delivery drivers, Plaintiffs did not typically load products into the trailers prior to delivery as their vehicles were typically pre-loaded by others known as "pickers." Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 45.

46.     Plaintiffs unloaded delivered products from the delivery vehicle at the intended customer destination. Plaintiffs performed these manual labor tasks for Defendants' clients for Defendants' benefit.

**ANSWER:**     Defendants admit that Plaintiffs typically unloaded delivered products from the delivery vehicle at the intended customer destination, and that Plaintiffs performed these manual labor tasks for the clients of The Chefs' Warehouse Midwest, LLC and for its benefit. Defendants deny that these were clients of Michael Stanley or that Michael Stanley employed Plaintiffs. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 46.

47.     Plaintiffs mostly worked six (6) days per week, Monday through Saturday. The start times of Plaintiffs' shifts began any time between 3:00 a.m. and 9:00 a.m. Plaintiffs' shifts ended when they completed all deliveries assigned each shift. At times, Plaintiffs' individual shifts were as many as 12 hours.

**ANSWER:** Defendants admit that a typical workweek for a delivery driver was six days a week, Monday through Saturday. Defendants admit that there was a range of starting times for each shift, and that Plaintiffs' shifts typically ended when they completed all deliveries on the route. Defendants admit that at least one Plaintiff worked a shift that reached 12 hours at least once. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 47.

48. Plaintiffs recorded their working time consistent with Defendants' policies. At varying times, Defendants' time keeping policies required that Plaintiffs record their working time by finger scan technology, handwritten entries on daily manifests, or a combination thereof.

**ANSWER:** Defendants lack sufficient information or knowledge regarding whether Plaintiffs properly recorded their working time consistent with the policies of The Chefs' Warehouse Midwest, LLC, and therefore deny same. Defendants deny that the timekeeping policies were the policies of Michael Stanley. Defendants admit that Plaintiffs were required to record their working time by finger scan technology, handwritten entries on daily manifests, or a combination thereof. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 48.

49. Plaintiffs were paid by salary. Plaintiffs received a weekly salary between approximately $900 and $1,100. The salaries paid to Plaintiffs by Defendants were intended to compensate the Plaintiffs for 48 hours of work per week.

**ANSWER:** Defendants admit that Plaintiffs were paid a weekly salary that ranged in the general ballpark of approximately $900 and $1,100. Defendants deny that the salaries were paid by Michael Stanley. Defendants admit that the salaries paid to Plaintiffs were intended to compensate Plaintiffs for all hours worked under the applicable collective bargaining agreement. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 49.

50. During most, if not all, workweeks during Plaintiffs' employments, Plaintiffs worked in excess of the regular 48-hour schedule for which their salaries compensated them.

**ANSWER:** Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Plaintiffs frequently worked 50 hours or more per week, sometimes as many as 60 hours or more each week.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Plaintiffs did not receive any additional compensation, including regular or overtime pay, over and above their static salaries, which only compensated them for the first 48 hours worked each week.

**ANSWER:**     Defendants admit that the relevant collective bargaining agreement that applied

during some or all of Plaintiffs' employment did not provide for additional compensation for any

hours worked in excess of 48 hours per workweek.  Except as specifically admitted herein,

Defendants deny the remaining allegations in Paragraph 52.

53.     Over the course of certain periods of time during each of the Plaintiffs' employments, they delivered CW's products exclusively within the state of Illinois such that all their deliveries in said periods were intrastate in nature.

**ANSWER:**     Defendants admit that there were times when Plaintiff delivered products within the

state of Illinois, but deny that these deliveries were intrastate in nature as the majority of products

came into the warehouse from outside the state before continuing their journey for delivery to

customers.  Defendants further allege that Plaintiffs were subject to being assigned to interstate

trips and that Plaintiffs did, in fact, deliver to locations outside the state of Illinois.  Except as

specifically admitted herein, Defendants deny the remaining allegations in Paragraph 53.

54.     Plaintiffs were not exempt from the overtime provisions of the FLSA, IMWL or CMWO such that they should have been compensated on an hourly basis and received additional compensation, including overtime premiums, for hours worked in excess of 40 each week.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Throughout the course of their employments, Plaintiffs, and those similarly situated, were denied overtime premiums by CW in violation of federal, state and local law.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Upon information and belief, Plaintiffs understood that all delivery drivers were paid by salary intended to compensate them for 48 hours of work each week, as described above, and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 56 of the Complaint, and

further deny that Plaintiffs were entitled to any overtime premiums for hours worked over 40 in a

workweek.

57.     Plaintiffs worked in excess for forty (40) hours in many, if not all, workweeks during
their employments without pay at a rate of time and one half their regular hourly rates of pay for
such hours.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 57 of the Complaint, and

further deny that Plaintiffs were entitled to any overtime pay at a rate of time and one half for hours

worked over 40 in a workweek.

58.     Plaintiffs were denied time and one half their regular rates of pay for hours worked,
over 40 in a workweek pursuant to the requirements of the federal, state and local statutes relied
upon herein.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 58 of the Complaint, and

further deny that Plaintiffs had the right to be paid overtime for hours worked over 40 under the

statutes alleged herein.

59.     The total number of hours worked by Plaintiffs and members of the Plaintiff Class,
and therefore the total number of working hours for which additional compensation is owed, is
information substantially, if not completely, within the control and possession of Defendants, in that
Defendants recorded or should have recorded such hours pursuant to the record keeping
requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by
29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates
of that time, as permitted by law.

**ANSWER:**     Defendants admit that the Company generally maintains time records, but deny the

remaining allegations set forth in Paragraph 60 of the Complaint.

60.     The claims brought herein by the named Plaintiffs are based on non-compliant
practices and policies implemented by Defendants and are identical or similar to the claims of other
past and present delivery drivers who were subject to the same non-compliant policies and practices
alleged herein. Those past and present delivery drivers are entitled to receive Notice of these
proceedings and afforded opportunity to join their individual claims.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-60.    Paragraphs 1 through 60 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 60 of this Count I.

**ANSWER:**    Defendant incorporates by reference its responses to the foregoing allegations of

Paragraphs 1-60 as though set forth fully herein.

61.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq,* Plaintiffs are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rates of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.    Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiffs, and the Plaintiff Class, as described above.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)    Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)    such additional relief as the Court deems appropriate under the circumstances.

**ANSWER:**    Defendants admit that Plaintiffs purport to seek relief under the FLSA on a

class/collective basis, but Defendants deny that Plaintiffs and the class they seek to represent are

entitled to any relief whatsoever, and deny that collective and/or class treatment is proper here.

Except as specifically admitted herein, Defendants deny the remaining allegations in this

Paragraph.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-62.    Paragraphs 1 through 62 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 62 of Count II.

**ANSWER:**    Defendant incorporates by reference its responses to the foregoing allegations of

Paragraphs 1-62 as though set forth fully herein.

63.    Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.    Pursuant to the Fair Labor Standards Act, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)    such additional relief the Court deems appropriate under the circumstances.

**ANSWER:**    Defendants admit that Plaintiffs purport to seek relief under the FLSA on a

class/collective basis, but Defendants deny that Plaintiffs and the class they seek to represent are

entitled to any relief whatsoever, and deny that collective and/or class treatment is proper here.

18

Except as specifically admitted herein, Defendants deny the remaining allegations in this

Paragraph.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-64.    Paragraphs 1 through 64 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 64 of Count III.

**ANSWER:**    Defendant incorporates by reference its responses to the foregoing allegations of

Paragraphs 1-64 as though set forth fully herein.

65.    In denying Plaintiffs' compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.  Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.    Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    liquidated damages equal to the amount of all unpaid compensation;

(b)    Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief the Court deems appropriate under the circumstances.

**ANSWER:**    Defendants admit that Plaintiffs purport to seek relief under the FLSA on a

class/collective basis, but Defendants deny that Plaintiffs and the class they seek to represent are

entitled to any relief whatsoever, and deny that collective and/or class treatment is proper here.

Except as specifically admitted herein, Defendants deny the remaining allegations in this

Paragraph.

**COUNT IV**

**SUPPLEMENTAL STATE LAW CLAIM VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

1-66.    Paragraphs 1 through 66 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 66 of this Count IV.

**ANSWER:**    Defendant incorporates by reference its responses to the foregoing allegations of

Paragraphs 1-66 as though set forth fully herein.

67.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 67 of the Complaint, and

further deny that Plaintiffs are "employees" covered under the IMWL.

68.    The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments tl1at remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

**ANSWER:**    The allegations set forth in Paragraph 68 of the Complaint constitute a legal

conclusion to which no response is required.  To the extent a response is required, Defendants deny

the allegations in Paragraph 68 of the Complaint.

69.    Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 69 of the Complaint, and

further deny that there was any such obligation which Defendants failed to meet.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiffs; reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

**ANSWER:**     Defendants admit that Plaintiffs purport to seek relief under the IMWL on a

class/collective basis, but Defendants deny that Plaintiffs and the class they seek to represent are

entitled to any relief whatsoever, and deny that collective and/or class treatment is proper here.

Except as specifically admitted herein, Defendants deny the remaining allegations in this

Paragraph.

## <u>COUNT V</u>

## <u>SUPPLEMENTAL MUNICIPAL CLAIM VIOLATION OF THE CHICAGO<br>MINIMUM WAGE ORDINANCE</u>

1-69.   Paragraphs 1 through 69 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 69 of this Count V.

**ANSWER:**     Defendant incorporates by reference its responses to the foregoing allegations of

Paragraphs 1-69 as though set forth fully herein.

70.     Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 70 of the Complaint, deny

that the CMWO is in § 1-24-10 of the Municipal Code of Chicago, and deny that Plaintiffs were

each a "Covered Employee" as defined by the CMWO.

71.     Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

**ANSWER:**     Defendants deny that the CMWO is in § 1-24-10 of the Municipal Code of

Chicago, deny that Michael Stanley was an employer, and further deny that Plaintiffs were each a

"Covered Employee" as defined by the CMWO. Defendants deny the remaining allegations in

Paragraph 71 of the Complaint.

72. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated,

known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action: and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER:** Defendants admit that Plaintiffs purport to seek relief under the CMWO on a

class/collective basis, but Defendants deny that Plaintiffs and the class they seek to represent are

entitled to any relief whatsoever, and deny that collective and/or class treatment is proper here.

Except as specifically admitted herein, Defendants deny the remaining allegations in this

Paragraph.

## JURY DEMAND

Defendants reject Plaintiffs' demand for a trial by jury pursuant to Rule 38(b).

## **AFFIRMATIVE DEFENSES**

Defendants assert the following defenses and/or affirmative defenses, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some or all of the class of allegedly similarly situated persons if class/collective certification is granted.

### **(Failure to State a Claim)**

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including, but not limited to, a claim upon which prejudgment interest may be granted.

### **(Exemption from Overtime Requirements)**

2. Plaintiffs' claims and the claims of any putative collective/class member(s) fail to the extent they claim unpaid overtime wages during any period of time he or she worked in a position exempt from the overtime requirements of the FLSA, IMWL, and/or CMWO.

### **(Mandatory Grievance Provision in Collective Bargaining Agreement)**

3. To the extent any of the putative class/collective members are members of a union, and subject to a collective bargaining agreement, those putative class members' claims are subject to a mandatory grievance provision, which precludes them for participating in this Action.

### **(LMRA / NLRA Preclusion)**

4. To the extent any of the putative class/collective members are members of a union, their claims are precluded pursuant to the Labor Management Relations Act, or the National Labor Relations Act, or any other federal or state statute.

**(Waiver, Estoppel, Other Equitable Doctrines)**

5.      The claims of Plaintiffs and/or the putative class/collective are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, and/or contributory fault.

**(Not Employers)**

6.      Defendants (or either of them) are not proper defendants in this action as they are not "employers" within the scope of the FLSA, IMWL, and/or CMWO.

**(Class Action Not Proper)**

7.      Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

**(Individualized Inquiries)**

8.      The Complaint's class allegations should be dismissed because independent and individual analyses of Plaintiffs and the putative class members' claims and Defendants' defenses to such claims are required.

**(Damages Not Suitable for Class Treatment)**

9.      Plaintiffs cannot offer a model of damages that is amenable to class treatment.

**(Violation of Due Process)**

10.     Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

**(Inadequate Class Representatives)**

11.     The Complaint's class allegations should be dismissed because Plaintiffs are inadequate class representatives.

**(No Willful Violation)**

12.     Defendants' actions were not willful. No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA, IMWL, or CMWO.

**(Lack of Willfulness)**

13.     Plaintiffs and/or the putative class/collective members' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA, and had reasonable grounds for believing it was in compliance. Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim for liquidated damages.

**(Good Faith Conduct)**

14.     Any actions that Defendants took in connection with Plaintiffs and/or the putative class/collective members' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the United States Department of Labor.

**(Failure to Mitigate)**

15.     Plaintiffs and/or the putative class/collective members' claims are barred to the extent Plaintiffs and/or the putative class/collective failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**(Set-Off)**

16.     If Plaintiffs and/or any putative class/collective members succeed in establishing any violation under the FLSA, IMWL, and/or CMWO, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs and/or any putative class/collective members over and above their wages and/or beyond the time period compensable under the FLSA, IMWL, and/or CMWO.

**(Motor Carrier Exemption)**

17.     Plaintiffs' claims and the claims of any putative collective/class member(s) are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, credits, or definitions under the FLSA, IMWL, and CMWO, including the Motor Carrier Exemption under the FLSA, the exclusion of individuals who work for Motor Carriers from the definition of "employee" or "covered employee" in the IMWL and CMWO, and the collective bargaining exemptions in the IMWL and/or CMWO.

**(Preemption)**

18.     To the extent the claims of Plaintiff or the purported collective/class members involve conduct that is, or seek remedies that are governed or regulated by federal law, including but not limited to the Motor Carrier Act, such claims are preempted.

**(Labor Management Relations Act – Preemption / Preclusion)**

19.     To the extent the claims of Plaintiffs or the purported collective/class members are substantially dependent on the analysis of CBAs that govern their employment, such claims are

preempted, precluded, and/or barred by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

### (Joint and Several Liability)

20.     Plaintiffs and the putative collective/class members are members of a union who acquiesced to the system of pay and thus Plaintiffs and the putative collective/class members and their union are jointly and severally liable for the allegations alleged in the Complaint.

### (Consent)

21.     Plaintiffs and the putative collective/class members have consented to the pay practices that were negotiated through collective bargaining on their behalf and that are reflected in the applicable collective bargaining agreements.

### (Offset)

22.     Plaintiffs and/or the putative class/collective members' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA, IMWL, and/or CMWO and their corresponding regulations.

### (Purported Violations are *De Minimis*)

23.     Plaintiffs and/or the putative class/collective members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

### (No Entitlement to Pay for Preliminary or Postliminary Activities)

24.     Plaintiffs' claims and the claims of any putative class/collective member(s) are barred, in whole or in part, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

**(No Compensable Hours Worked)**

25.     Plaintiffs' claims and the claims of any putative collective/class member(s) are barred as to any time for which they seek compensation that does not constitute compensable hours worked.

**(Lack of Standing)**

26.     Plaintiffs' claims and the claims of any putative collective/class member(s) are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

**(Did Not Suffer or Permit the Claimed Work)**

27.     Plaintiffs' claims and the claims of any putative collective/class member(s) are barred to the extent their employer did not suffer or permit them to work the hours they claim.

**(Lack of Actual or Constructive Knowledge of the Claimed Hours)**

28.     Plaintiffs' claims and the claims of any putative collective/class member(s) are barred to the extent their employer lacked actual or constructive knowledge of the hours they worked.

**(Unclean Hands)**

29.     Plaintiffs' claims and the claims of any collective/class member(s) are barred, in whole or in part, based upon the doctrine of unclean hands, or otherwise, to the extent they violated their employer's policies, practices, guidelines, and/or manager instructions.

**(Statute of Limitations – FLSA)**

30.     Plaintiffs' FLSA claims and the FLSA claims of any putative collective/class member are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiffs or any putative collective/class member brings claims for any time period greater than two years for a non-willful violation, or three years for a willful violation.

**(Statute of Limitations – IMWL)**

31.     Plaintiff's Illinois law claims and the Illinois law claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff or any putative class/collective member brings claims for any time period greater than three years for IMWL claims.

**(Statute of Limitations – CMWO)**

32.     Plaintiff's Chicago law claims and the Chicago law claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff or any putative class/collective member brings claims for any time period greater than three years for CMWO claims.

**(Estoppel)**

33.     To the extent discovery reveals that Plaintiffs and/or the putative class/collective members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiffs and/or the putative class/collective members.

**(Waiver / Release)**

34.     Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent any of the Plaintiffs or putative collective/class members have entered settlement or severance agreements waiving their right to bring these claims against Defendants.

**(Reservation of Right to Assert Additional Defenses)**

35.     In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiff or any putative class/collective member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Defendants request judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: February 21, 2022

Respectfully submitted,

/s/ *Julia Y. Trankiem*

Michele J. Beilke (pro hac vice admission pending)
Julia Y. Trankiem (ARDC # 6287553)
JeeHyun Yoon (pro hac vice admission pending)
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
(213) 532-2000
mbeilke@hunton.com
jtrankiem@hunton.com
jyoon@huntonak.com

Attorneys for Defendants
THE CHEFS' WAREHOUSE MIDWEST, LLC and
MICHAEL STANLEY

Brenna M. Woodley
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602

(312) 471-8700
bwoodley@rshc-law.com

Local counsel for Defendants